(7 Misc. Rep. 487.)

### GEMUNDER et al. v. HAUSER.

(Common Pleas of New York City and County, General Term.    March 15, 1894.)

BROKERS—WHEN PROCURING CAUSE OF SALE.

Plaintiff, whom defendant employed to sell a violin, called the attention of a violinist to the instrument, and requested her to use it at a public concert, suggesting that some wealthy person might buy it for her; and he also communicated the suggestion to defendant. The violinist spoke of the violin to a wealthy man, who thereupon purchased it for her. *Held*, that plaintiff was the procuring cause of the sale. 26 N. Y. Supp. 529, affirmed.

Appeal from city court, general term.

Action by August Gemunder and others against Isidor Hauser to recover $500 commissions for procuring the sale of a Stradivarius violin at the price of $5,000, upon a special agreement of employment by defendant. From a judgment of the city court (26 N. Y. Supp. 529) affirming a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Townsend, Dyett & Einstein, for appellant.
Ullo, Ruebsamen & Cochran, for respondents.

PER CURIAM. The evidence was sufficient to sustain a finding by the jury that the plaintiffs were the procuring cause of the sale of defendant's violin to Mr. Gordon McKay. It seems that the sale was effected through Miss Van Stosch, an eminent performer on the violin, who called the attention of Mr. McKay to the instrument in question, and he purchased it, in order that she might have a superior instrument to play upon. He was a man of wealth, who could afford thus to indulge his artistic taste and generous sentiments. The plaintiffs had urged Miss Van Stosch to use the instrument, suggesting that some wealthy person might buy it for her, and had communicated that suggestion to defendant, who had employed him to find a purchaser. The result turned out as plaintiffs hoped, and was due to his interesting Miss Van Stosch, who strongly recommended the instrument to Mr. McKay, so that the sale was certainly the result of plaintiffs' effort, and not any other agency. We do not consider it of much, if any, importance that plaintiffs had originally been the first to speak to Miss Van Stosch about the violin, and had called her attention to it (long before she saw it, or spoke to defendant about it), because, as she says, that went out of her mind; and, if that was all that there was in the case, we doubt if the plaintiffs would be entitled to recover. But when, some weeks afterwards, she saw the violin at the defendant's house, she recalled that plaintiffs had spoken to her about it, and next day went to plaintiffs, mentioned the subject, and then came this suggestion, which ultimately resulted in the purchase by Mr. McKay. As to the exceptions, they are disposed of by the appellant's brief, and there is no error which calls for reversal. Judgment affirmed, with costs.